IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER WAGNER, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE<br>: NO.: 1:23-CV-1676-MLB-JCF |
| GREENBERG TRAURIG, LLP and<br>DAVID KURZWEIL, | : |
| Defendants. | : |

## **NON-FINAL REPORT and RECOMMENDATION**

This case is before the Court on the Motion to Dismiss filed by Defendant David Kurzweil ("Kurzweil"). (Doc. 10). For the reasons stated below, it is **RECOMMENDED** that Kurzweil's motion be **GRANTED**.

## **Procedural History**

On April 17, 2023, Plaintiff Jennifer Wagner ("Plaintiff") filed a Complaint in which she asserts federal claims pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"). (*See generally* Doc. 1). Plaintiff's claims are directed against Defendants Greenberg Traurig LLP ("GT") and Kurzweil. (*See id.*). Plaintiff alleges that Defendants discriminated against and failed to accommodate her on the basis of actual disability, discriminated against and failed to accommodate her on the basis of being regarded as disabled, and retaliated against her in violation of the ADA. (Doc. 1 ¶¶ 51-75). Plaintiff filed a charge of

1

discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC sent Plaintiff a Notice Of Right To Sue. (Doc. 1 ¶ 14). On June 26, 2023, Kurzweil moved to dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6). (Doc. 10). Plaintiff filed a response opposing the motion on July 25, 2023. (Doc. 18). Kurzweil filed a reply on August 8, 2023. (Doc. 26). The Court now turns to the merits of Kurzweil's motion to dismiss.

## Discussion

### I. Applicable Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id*. at 679.

To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Redland Co. v. Bank of Am. Corp.*, 568 F.3d 1232, 1234 (11th Cir. 2009) (explaining that "[t]o survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed" (internal quotation omitted)).

## II.  **Kurzweil's Motion To Dismiss**

Kurzweil seeks dismissal of Plaintiff's Complaint because (1) Plaintiff improperly names an individual, Kurzweil, as Defendant; (2) Plaintiff's claims against Kurzweil are redundant; and (3) Plaintiff failed to exhaust her administrative remedies as to Kurzweil by not naming him in her EEOC charge (Doc. 10 at 2-6).[1] In light of the overlap of Kurzweil's first two arguments, the undersigned addresses

---

[1] References to the briefs will be made using the Court's CM-ECF pagination.

3

those arguments together. For the reasons stated below, the Court should dismiss Plaintiff's ADA claims as to Kurzweil.

### A. Claims Asserted Against An Individual Defendant

Plaintiff has named one individual, Kurzweil, along with his law firm, GT, as Defendants in her complaint. (Doc. 1 at 1-4). Defendant Kurzweil argues that "Plaintiff cannot state a claim against Mr. Kurzweil for individual liability under the ADA, and he must be dismissed from this action." (Doc. 10-1 at 4). He also asserts that "no additional relief may be obtained by naming Mr. Kurzweil" and "Plaintiff's decision to name Mr. Kurzweil as a Defendant is unnecessary and redundant." (Doc. 10-1 at 4-5). Plaintiff argues that Kurzweil is "liable, jointly and severally with [GT] and others," that he "was not merely an agent or employee of Defendant [GT,]" and that "[h]e was on at least equal footing, and [GT] was his agent as much as—or more than—it was his principal." (Doc. 18 at 8). Plaintiff contends that naming Kurzweil is not redundant because she "did not name Defendant Kurzweil as a proxy for Defendant [GT,]" that Kurzweil "admits, he 'is a shareholder in Greenberg Traurig, P.A.,' an entity entirely separate from Defendant Greenberg Traurig LLP," and "[t]hus, Mr. Kurzweil can stand for another defendant not already named in the suit." (Doc. 18 at 10).

The ADA defines an 'employer' as "a person engaged in an industry affecting commerce who has fifteen or more employees[.]" 42 U.S.C. § 2000e(b); *Nelson v.*

4

*Jackson*, Civil Action File No. 1:14-CV-02851-ELR-JFK, 2015 U.S. Dist. LEXIS 191726, at *10 (N.D. Ga. Mar. 31, 2015) ("The ADA defines an 'employer' as 'a person engaged in an industry affecting commerce who has 15 or more employees[.]' ") (quoting 42 U.S.C. § 12111(5)(A)), *adopted by* 2015 U.S. Dist. LEXIS 191725 (N.D. Ga. Apr. 21, 2015).

However, more than one entity may be considered a particular person's employer under those statutes. "The Eleventh Circuit has identified three situations where it is appropriate to aggregate multiple entities and treat them as a single employer . . . :

> (1) The "single employer" test – where two entities are highly integrated with respect to ownership and operations;
> (2) The "joint employer" test – where the two entities contract with each other for the performance of a task, and one entity has sufficient control over the terms and conditions of the other's employees; and
> (3) The "agency" test – where an employer delegates sufficient control over its employees to a third party.

*Moore v. Baker*, Civil Action No. 18-00311-KD-B, 2019 U.S. Dist. LEXIS 38628, at *17-18 (S.D. Ala. Mar. 8, 2019) (citing *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1341 (11th Cir. 1999)), *adopted by* 2019 U.S. Dist. LEXIS 50315 (S.D. Ala. Mar. 26, 2019); *see also Nelson*, 2015 U.S. Dist. LEXIS 191726, at *11 (applying *Lyes*' single employer test to the ADA context). "These theories focus on the degree of control an entity has over the adverse employment decision on which

5

the [] suit is based." *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244-45 (11th Cir. 1998) (quotation marks omitted).

> Plaintiff's Complaint alleges the following with respect to Kurzweil:
>
> 2. Greenberg Traurig LLP ("Greenberg") is a multinational law firm, and David Kurzweil ("Mr. Kurzweil") is one of its controlling partners. Mr. Kurzweil's book of business is so lucrative that Greenberg not only tolerates but condones and even facilitates misconduct from Mr. Kurzweil, including discrimination against and harassment of workers.
>
> [. . . .]
>
> …At all relevant times, Greenberg was an employer as that term is defined in the ADA, and it was a joint employer with Mr. Kurzweil.
>
> 10. Defendant David Kurzweil was the attorney [Plaintiff] was hired and assigned primarily to work for at Greenberg. As such, he was one of her supervisors. Mr. Kurzweil is an owner of Greenberg and a key partner at Greenberg. As such, Mr. Kurzweil controls Greenberg with respect to its operations in Georgia and with respect to Greenberg's Global Restructuring & Bankruptcy Practice and its Financial Institutions Practice and is personally liable, jointly and severally with Greenberg and others, for damages he caused to [Plaintiff]. At all relevant times, Mr. Kurzweil was an employer as that term is defined in the ADA, and he was a joint employer with Greenberg.

(Doc. 1 at 2-4).

In reply, Kurzweil correctly asserts that Plaintiff "failed to point to any Eleventh Circuit authority or even persuasive authority that allows Plaintiff to pursue ADA discrimination claims against an individual, rather than an entity, Plaintiff's claims against Mr. Kurzweil should be dismissed in their entirety." (Doc. 26 at 3). The undersigned agrees. Despite Plaintiff's conclusory allegations to the contrary,

6

Kurzweil is not Plaintiff's "employer" for purposes of her ADA claims, which do not allow for individual liability. *See Tobar v. Fed. Defenders Middle Dist. of Ga., Inc.*, 618 Fed. Appx. 982, 985 n.2 (11th Cir. 2015) (finding that "[t]he district court correctly dismissed Roseberry from the lawsuit because there is no individual liability under the ADEA or the ADA"); *Albra v. Advan, Inc.*, 490 F.3d 826, 830-34 (11th Cir. 2007) (explaining that ADA employment discrimination and retaliation claims are not properly brought against individuals); *Pittman v. T-Mobile United States*, No. 3:20-cv-00067-TCB-RGV, 2020 U.S. Dist. LEXIS 259237, at *4-5 (N.D. Ga. June 2, 2020) (noting that plaintiff asserted Title VII, ADA, and GINA claims against two individual defendants, but "none of those statutes authorize suits against individuals" (collecting cases). Because Kurzweil is not subject to suit on these claims, it is **RECOMMENDED** that Plaintiff's ADA claims asserted against him be **DISMISSED**.[2]

## Summary

For the reasons stated above, it is **RECOMMENDED** that Kurzweil's motion to dismiss (Doc. 10) be **GRANTED** and that Plaintiff's ADA claims as to Kurzweil be **DISMISSED**.

---

[2] Because the claims against Kurzweil individually are being dismissed on other grounds, it is not necessary to reach his argument that Plaintiff failed to exhaust her administrative remedies by not naming him in her EEOC charge. (Doc. 10-1 at 5-6).

7

**IT IS SO REPORTED AND RECOMMENDED** this <u>13th</u> day of <u>October</u> 2023.

<u>/s/ J. Clay Fuller</u><br>
J. Clay Fuller<br>
United States Magistrate Judge